IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**EDWARD ARTHUR GRIFFIN**                                              **PETITIONER**

**v.**                                                                          **No. 2:07CR11-P-B**

**UNITED STATES OF AMERICA**                                           **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on Edward Arthur Griffin's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence imposed in the court's September 7, 2007, judgment. The government responded to the motion on March 31, 2009. This matter is ripe for review. For the reasons set forth below, the instant petition for writ of *habeas corpus* shall be denied.

**I.      Facts and Procedural Posture**

On January 18, 2007, petitioner was charged in a one count indictment for knowingly possessing a firearm that had been transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), after having been previously convicted of three violent felonies under 18 U.S.C § 924(e)(2)(B). Following his appointment, Attorney's Levidiotis motioned the court to order a psychological examination. This motion was granted and petitioner was transferred to a facility in Miami, Florida and evaluated by Dr. Jorge Luis. Petitioner spent approximately thirty-days at the facility during which time he was subjected to observations, psychological tests, and clinical interviews. Dr. Luis provided the following assessment in his Forensic Evaluation:

> Essential to the issue of competency to stand trial is whether or not a mental disease or defect is present and interfering with the defendant's ability to understand the charges against him, his ability to properly assist in his own defense, and the ability to understand the nature and consequences of the

> proceedings against him. While the true extent of his legal knowledge and
> abilities was difficult to determine given his uncandid and exaggerated
> presentation, he demonstrated no active mental states that would interfere
> with his rational understanding of the proceedings or his ability to assist
> toward his defense if he is motivated to do so . . . . Therefore, it is
> recommended that [Griffin] be found Competent to Stand Trial.

(Forensic Evaluation 10).

After receiving the results of the evaluation, Attorney Levidiotis twice motioned the court to grant an evidentiary hearing with respect to the issue of competency. Attorney Levidiotis also requested the court subpoena medical records of petitioner from the East Mississippi State Hospital in Meridian, Mississippi. Both requests were granted and the court held a competency hearing on June 25, 2007.

At the competency hearing, Attorney Levidiotis informed the court that the subpoena was not productive as the East Mississippi State Hospital had no record of anyone with petitioner's name or social security number. (Comp. Hrg. Tr. 4, June 25, 2007). Dr. Luis then provided testimony on the issue of petitioner's competency to stand trial. Dr. Luis detailed several of the tests administered to petitioner (Comp. Hrg. Tr. 19). Dr. Luis noted that he had received and reviewed some paperwork from the Mississippi Department of Corrections which addressed petitioner's past substance abuse treatment and education level. (Comp. Hrg. Tr. 26-27). Dr. Luis then testified that in his expert opinion, petitioner was "feigning psychiatric problems, cognitive problems, memory problems, and competency," and that he was in fact competent to stand trial. (Comp. Hrg. Tr. 27-28).

On cross-examination, Attorney Levidiotis questioned Dr. Luis specifically on the issues of past medical records, and whether they would be relevant to his current conclusion regarding competency. (Comp. Hrg. Tr. 36). Dr. Luis stated that while any past medical records might

shed light on previous conditions, it would not change his current opinion that petitioner was competent to stand trial. (Comp. Hrg. Tr. 37).

Petitioner also testified at the competency hearing. Petitioner claimed that there were additional medical records with "Ms. Atwoods" at the East Mississippi Correctional Facility and also with "Dr. McGee" in Clarksdale, Mississippi. (Comp. Hrg. Tr. 43). Attorney Levidiotis stated that petitioner had never directed him to this facility to obtain records. (Comp. Hrg. Tr. 44). The Court then asked petitioner whether he understood that while such records might shed light on his history, they would not affect the conclusions regarding competency. (Comp. Hrg. Tr. 46). Petitioner answered in the affirmative. (Comp. Hrg. Tr. 46). On cross-examination, petitioner stated that the records with Ms. Atwoods and Dr. McGee would in fact be helpful to the court in making a decision about his competency. (Comp. Hrg. Tr 48). Attorney Levidiotis and the government agreed that out of "fairness," it would be beneficial if the parties attempted to locate the alleged records with Ms. Atwoods. (Comp. Hrg. Tr. 51). The court agreed and added that the joint effort should extend to locating any records with "Dr. McGee" as well. (Comp. Hrg. Tr. 52). Based on the evidence presented, the court then found petitioner competent to stand trial. (Comp. Hrg. 53). The court, however, issued a caveat.

> [This] ruling is subject to being revisited should counsel locate any of the records that we've talked about that might be—might or might not be in existence and that those records, if they are found, if they prove to have some probative value. And I say that recognizing the existence of the records [does not mean] that it would have an effect on the tests that have been administered by Dr. Luis and the staff at the facility in Miami, that he has been ruled competent to stand trial. But I will not know that unless and until those records are produced.

(Comp. Hrg. Tr. 54). The court set trial for the following week. (Comp. Hrg. Tr. 53).

Without an opportunity for the parties to conduct any reasonable investigation, petitioner indicated to his attorney a desire to enter a guilty plea. The court convened a change of plea

hearing less than two hours after the conclusion of the competency hearing. The court informed petitioner that by virtue of pleading guilty to the offense, petitioner was withdrawing his request to investigate and produce the medical records from Ms. Atwoods or Dr. McGee. (Change of Plea Hrg. Tr. 7, June 25, 2007). Petitioner indicated that this was not his intent, and that he desired a new attorney. (Change of Plea Hrg. Tr. 7). The court informed petitioner that Attorney Levidiotis had performed commendably and that his request would be denied. (Change of Plea Hrg. Tr. 7). Petitioner then informed the court that he was dissatisfied with his attorney because petitioner was ill informed of matters concerning his case and upcoming trial. (Change of Plea Hrg. Tr. 7-8). Nevertheless, the following exchange occurred later in the change of plea hearing:

> THE COURT: . . . Now, Mr. Griffin, have you had ample opportunity to discuss this case with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Yes, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. And have you talked with him about the charges that are against you and whatever defense or defenses you might have to the charge?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied with your attorney's representation of you; that is do you believe that he has competently represented your best interests in this matter?
>
> THE DEFENDANT: Yes, sir.

(Change of Plea Hrg. Tr. 12-13).

Petitioner later stipulated both to accuracy of the terms of the plea agreement and the government's version of the facts. (Change of Plea Hrg. Tr. 27, 32). The court then found that the agreement was voluntary and accepted petitioner's guilty plea. (Change of Plea Hrg. Tr. 32).

The Probation Service drafted a presentence report (PSR) which revealed that petitioner had a total adjusted offense level of 30 and a criminal history category of VI. The applicable guidelines called for a sentencing range of 168-210 months, while the statute required a minimum of 180 months imprisonment. On September 7, 2007, based on the PSR determination and the recommendation in the plea agreement that petitioner receive 180 months, the court sentenced petitioner to 180 months in the custody of the Bureau of Prisons on count one.

Petitioner filed a timely notice of appeal on October 4, 2007. On December 21, 2007, Attorney Levidiotis filed a motion to withdraw as petitioner's appellate counsel based on arguments in his accompanying *Anders* brief that no non-frivolous grounds for appeal existed. The Fifth Circuit granted the motion to withdraw on August 28, 2008, and dismissed the entire appeal as frivolous on September 12, 2008. Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 on August 25, 2008.

## II.     Edward Arthur Griffin's Claims

In support of his motion, petitioner raises several claims for relief. First, petitioner argues his counsel was ineffective for failing to conduct a proper investigation into petitioner's prior mental health problems, failing to obtain and use mental health records requested by petitioner, and failing to postpone the change of plea or sentencing hearing until the medical records could be obtained. Similarly, petitioner argues that because of counsel's ineffective assistance with respect to the medical records, petitioner's plea was not entered voluntarily and

intelligently. Finally, petitioner argues that the trial court abused its discretion by failing to hold a hearing on his claims of ineffective assistance against Attorney Levidiotis.[1]

### III. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgression of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Unites State v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States: (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id*. The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959

---

[1] The foregoing is a summary of petitioner's substantive claims in the § 2255 motion. It does not reflect the exact order the claims where raised in the motion as petitioner overlapped and repeated several of the issues. For clarity, however, petitioner's claims will be addressed in the order provided above.

F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions.

**III.     Discussion**

*Ineffective Assistance of Counsel*

Petitioner presents several grounds for relief based upon the alleged ineffective assistance of his attorney. To establish that counsel provided ineffective assistance, a movant under must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court must presume that counsel's conduct was reasonable—in other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The court must not analyze counsel's action with the crystal clarity of hindsight; rather, the court must view counsel's actions using the information reasonably available to counsel at the time of the representation. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Should the court determine that counsel's performance was deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error, the outcome of the trial or appeal would have been different." *Pitts*, 172 F.3d at 275 (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997)).

*Claim One*

In one claim for relief, petitioner specifically alleges that trial counsel was ineffective for failing to conduct a proper investigation into petitioner's mental health problems. Petitioner claims that counsel failed to obtain past medical records which could have been relevant to

petitioner's plea or sentence. The record, however, directly contradicts petitioner's current allegations.

The record reveals that Attorney Levidiotis conducted a reasonable investigation into petitioner's mental health problems. First, counsel promptly requested and received a psychological evaluation for petitioner. Upon receiving the results, counsel twice motioned the court for an evidentiary hearing to provide further insight into the Forensic Evaluation and to address any discrepancies. Counsel also subpoenaed the East Mississippi State Hospital, as directed by petitioner, for any relevant medical records, and the hospital had no record at all that petitioner was ever treated at the facility. During the competency hearing, petitioner argued that there were additional records with "Ms. Atwoods" at the East Mississippi Correctional Center and with "Dr. McGee." The court informed petitioner that these records would not affect the present issue of competency, but petitioner stated that he felt they would be helpful in his defense. Attorney Levidiotis and the government agreed to cooperate in trying to locate the alleged medical records, and the court approved. Before any reasonable search for these records could be conducted, however, petitioner pled guilty to the crime charged in count one. Furthermore, petitioner was specifically informed by the court that by entering this plea, he was withdrawing his request for the search and production of those documents.

For the foregoing reasons, it cannot be said that Attorney Levidiotis failed to conduct a proper investigation into petitioner's prior mental health problems. As petitioner fails to establish that his counsel was deficient, it is not necessary to consider the prejudice prong of the *Strickland* analysis. Accordingly, petitioner claim for relief shall be denied.

*Claim Two*

In a second, related claim for relief, petitioner argues that counsel was ineffective for failing to obtain the alleged medical records and use them (a) to advise him before entering a guilty plea and (b) file a motion for a downward departure of his sentence.

The court has already established that counsel was not ineffective for failing to obtain the records for several reasons, the most significant of which was petitioner's waiver of the right to the production of these alleged document by entering a guilty plea. Counsel may not therefore be faulted for failing to go over these unavailable records with petitioner before entering the plea. Even assuming that petitioner had not waived this right, counsel would not have been ineffective for failing to seek a downward departure. The statutory minimum for the crime charged in this case was 180 months, which was the exact length agreed to in the plea agreement. Absent a motion from the government, no further departure was available. As petitioner is unable to meet either the "deficiency" or "prejudice" prongs of the *Strickland* analysis, petitioner's claim for relief shall be denied.

*Claim Three*

In a third claim for relief, petitioner argues that counsel was ineffective for failing to postpone the change of plea or sentencing hearing until the medical records could be obtained. The court has already established that any alleged medical records would have had no impact on the sentence. As to petitioner's claim that his attorney was ineffective for failing to seek postponement of the change of plea hearing, the record disputes any such claim.

Following a finding of competency, the court set trial for the following week. During this time attorneys for both sides agreed to locate any of the alleged medical records with Ms. Atwoods or Dr. McGee. Less than two hours after the finding of competency, however,

petitioner effectively ended the investigation into existence of the alleged documents by entering his guilty plea.  Attorney Levidiotis, therefore, cannot be faulted for failing to seek a postponement of the plea when no such request would have been necessary had petitioner allowed the established plan for the production of these alleged records to transpire.  As petitioner is unable to establish the Attorney Levidiotis' actions were deficient or that such actions were prejudicial, petitioner's claim for relief shall be denied.

### *Knowing and Voluntary Plea*

In the fourth claim for relief, petitioner asserts that his plea was invalid because it was not entered into knowingly and voluntarily.  Petitioner again bases his argument on the fact that he did not have the alleged medical records from Ms. Atwoods and Dr. McGee.  The issues with alleged medical records have been exhaustively addressed above.  Notwithstanding the existence of the past medical documents, petitioner's arguments are completely contradicted by the record and plea colloquy.

Based on all the evidence presented at the competency hearing, including testimony from Dr. Luis and the petitioner, the court found petitioner competent to stand trial.  Less than two hours later, petitioner indicated a desire to plead guilty to the crime rather than go to trial.  The following exchanges occurred at several points during the plea hearing.

> THE DEFENDANT:  I might as well enter the plea.  Ain't no sense me going to trial.
>
> THE COURT:  Why isn't there any sense in you going to trial?  Are you guilty or not guilty?
>
> THE DEFENDANT:  I mean, I don't want to end up with no life sentence for something I didn't do.  And I don't even know what was against me or not.
>
> THE COURT:  Wait a minute.  You're telling me that you don't want to do it because it's something you didn't do   Are you telling me you're not guilty of this offense?

| | |
|---|---|
| THE DEFENDANT: | No, sir.  I'm guilty. |
| THE COURT: | Say again? |
| THE DEFENDANT: | Yes, sir, I'm guilty |
| THE COURT: | . . . Is your mind clear? |
| THE DEFENDANT: | Yes, sir. |

 . . .

| | |
|---|---|
| THE COURT: | Do you know you that that you are before me right now offering to enter a plea of guilty to the charge for which you stand indicted? |
| THE DEFENDANT: | Yes, sir. |

 . . .

| | |
|---|---|
| THE COURT: | Do you think you understand what's happening right now? |
| THE DEFENDANT: | Yes, sir. |

. . .

| | |
|---|---|
| THE COURT: | Now, Mr. Griffin, has anybody threatened you or forced you to plead guilty? |
| THE DEFENDANT: | No, sir. |

 . . .

| | |
|---|---|
| THE COURT: | . . . Mr. Griffin, do you plea guilty or not guilty from to Count 1 of the indictment. |
| THE DEFENDANT: | Guilty.  Guilty |
| THE COURT: | One more time. |
| THE DEFENDANT: | Guilty. |
| THE COURT: | Since you acknowledge that you are guilty, you know what your right is to trial, you know what the maximum possible punishment is, it is the Court's finding that you are voluntarily pleading guilty. |

(Change of Plea Hrg. Tr. 9-10, 25, 32).

The testimony clearly indicates that petitioner's plea was made with full awareness of the situation, and that it was completely voluntary. Accordingly, petitioner's claim is completely without merit and shall be denied.

### *Trial Court Error*

Petitioner finally claims that the trial court abused its discretion by failing to hold a hearing about whether counsel failed to obtain the purported medical records. The court has previously (and exhaustively) established that counsel was not ineffective for failing to obtain any of petitioner's past alleged medical records. Furthermore, during the competency hearing the trial court heard testimony about these alleged records and in fact *ordered* counsel for both parties to try and obtain such records. As previously established, petitioner waived the right to the production of documents by entering a plea of guilty before a reasonable search could have been conducted. Clearly then the trial court did not err by failing to hold a separate hearing on the very issue it had directly addressed in the competency hearing. Accordingly, petitioner's claim for relief shall be denied.

**IV.  Conclusion**

For the foregoing reasons, petitioner Griffin's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence imposed shall be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 26th day of October, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE