IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                                                     CRIMINAL CASE NO. 2:07-CR-11-SA

EDWARD ARTHUR GRIFFIN                                       DEFENDANT

ORDER

On August 4, 2023, Edward Arthur Griffin filed a *pro se* Motion for Reduction in Sentence [68]. The Government opposes the request. The Court has reviewed the submissions and is prepared to rule.

*Relevant Factual and Procedural Background*

On January 18, 2007, Griffin was indicted for knowing possession of a firearm as a convicted felon. *See* [1]. He pled guilty on June 25, 2007. *See* [27]. His sentencing hearing was held on September 7, 2007, at which time the Court sentenced him to serve a term of imprisonment of 180 months. *See* [30].[1]

Griffin is currently housed at Sheridan FCI with an expected release date of January 15, 2029. *See* https://www.bop.gov/inmateloc/. As noted above, Griffin requests that the Court reduce his sentence "for 'extraordinary and compelling' circumstances, specifically the length of sentence served, extraordinary rehabilitation, and the additionally punitive nature of serving time during the COVID-19 pandemic." [68] at p. 1.

*Analysis and Discussion*

At the outset, the Court notes that Griffin, through appointed counsel, has previously filed an Expedited Motion for Compassionate Release [58]. The Office of the Federal Public Defender

---

[1] In imposing this sentence, the Court specifically ordered that the imprisonment term "run consecutively to the defendant's imprisonment under any previous state or Federal sentence." [30] at p. 2.

filed that Motion [58] on Griffin's behalf on July 14, 2022. The Court entered an Order [61] denying that request on September 14, 2022.

Through the present filing, Griffin against seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c). The Court begins with the statutory language, which pertains to the modification of a term of imprisonment, and provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment. --** The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case --
>
> (A) the court. . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The Fifth Circuit has made clear that a district court, when deciding compassionate release motions, "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F3d 388, 392 (5th Cir. 2021).

As noted above, Griffin now cites "the length of sentence served, extraordinary rehabilitation, and the additionally punitive nature of serving time during the COVID-19 pandemic." [68] at p. 1.

Other than referencing the length of his sentence at the beginning of the filing, Griffin makes no additional argument as to why the length of his sentence warrants relief. Griffin was sentenced to the statutory minimum—180 months. The length of his sentence does not justify a reduction. Similarly, other than a conclusory reference to his rehabilitation, he makes no argument as to why his post-conviction rehabilitation justifies a sentence reduction. The Court does not see it as a basis for the requested relief. *See*, *e.g.*, *United States v. Peoples*, 41 F.4th 837, 842 (4th Cir. 2022) (explaining that "rehabilitation cannot serve as a stand-alone reason for compassionate release") (citation and quotation marks omitted). The bulk of Griffin's filing concerns the impact of the COVID-19 pandemic on his incarceration. He explains the lockdowns that he has endured at the BOP facility. This argument is a non-starter. This Court trusts that the BOP has taken the necessary precautions relevant to the COVID-19 virus. Ultimately, Griffin makes only conclusory allegations in support of his request, and the Court sees no need to address the allegations any further.

As an additional point, even if Griffin had shown a compelling reason to support his request, the Court finds that the Section 3553(a) factors counsel against release. In its previous Order [61] denying release, the Court addressed those factors:

> The Court finds some of the § 3553(a) sentencing factors to be pertinent in considering the present Motion [58]. In particular, the Court finds relevant Section 3553(a)(1), which concerns the "nature and circumstances of the offense and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). The Presentence Investigation Report indicates that Griffin had prior convictions for residential burglaries on three separate occasions in Coahoma County. These prior convictions clearly evidence Griffin's violent

3

>tendencies. That brings the Court to Section 3553(a)(2), which concerns the "need for the sentence imposed." *Id*. at § 3553(a)(2). Because of his history, Griffin was subjected to an enhanced minimum term of imprisonment of 15 years—an enhancement which he earned due to his prior conduct. The Court finds that Section 3553(a)(2) would not be furthered by altering Griffin's sentence at this time. By that same token, the Court feels compelled to protect the public from further crimes of Griffin—to the extent possible. Thus, many of the Section 3553(a) factors weigh against compassionate release.

[61] at p. 2-3.

The Court has again reviewed the case and reaches the same conclusion as to the Section 3553(a) factors. Stated simply, the factors weigh heavily against release. *See*, *e.g.*, *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) ("The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction.").

*Conclusion*

For the reasons set forth above, the Court will not modify Griffin's sentence. His Motion [68] is DENIED.

SO ORDERED, this the 16th day of July, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

4